# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ZACHARY EWING,**
**Claimant Below, Petitioner**

**FILED**

**June 8, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)    No. 16-0389** (BOR Appeal No. 2050768)
                    (Claim No. 2012014927)

**MCELROY COAL COMPANY,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Zachary Ewing, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. McElroy Coal Company, by Denise D. Petino, Christopher J. Prezioso, and Jessica Spencer Benedict, its attorneys, filed a timely response.

The issue on appeal is whether the diagnosis unspecified sleep disturbance should be added as a compensable component of the claim. This appeal originated from the June 10, 2014, claims administrator's decision denying the request to unspecified sleep disturbance to the claim. In its August 21, 2015, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated March 23, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Zachary Ewing, a coal miner, was injured in the course of his employment on October 22, 2011, when a conveyor belt snapped, causing a metal hook to strike his face. Mr. Ewing went to Reynold Memorial Hospital for treatment. A CT scan of his head revealed a fracture of the right maxillary sinus into the right orbit, soft tissue swelling, and sinusitis. A CT scan taken a few days later revealed a blow-out fracture of the orbital floor. On October 27, 2011, Mr. Ewing

1

underwent surgery to repair the fracture. The claims administrator initially held the claim compensable for abrasion to the face, neck, and scalp; enclosed fracture of the mala and maxillary bones; and closed fracture of the orbital floor.

Mr. Ewing began experiencing headaches and facial pressure after his surgery, a side effect the surgeon had warned him about. He continued to see various doctors over the course of the next two years for his migraines and sinus issues. On January 25, 2013, Mr. Ewing saw Gregory Wood, M.D., for complaints of being tired all the time and not sleeping well. Dr. Wood's assessment was depression.

On April 25, 2014, David Watson, M.D., evaluated Mr. Ewing. Mr. Ewing reported that he continued to suffer from headaches seven days a week. He stated that he gets very little, poor sleep. Mr. Ewing's wife believed she had witnessed Mr. Ewing suffer from sleep apnea during the night. Dr. Watson diagnosed Mr. Ewing with chronic migraines, chronic post-traumatic headache, depression, and sleep disorder. He recommended an MRI of the brain, neuropsychological testing, and a sleep study based on Mr. Ewing's wife's reports that she believed he suffered from sleep apnea.

On May 6, 2014, Dr. Wood saw Mr. Ewing for continued complaints of facial pressure and sinus issues. Dr. Wood reviewed Dr. Watson's notes about Mr. Ewing's complaints of poor sleep and his wife's belief that he suffered from sleep apnea. Based in part on Dr. Watson's diagnosis, Dr. Wood assessed sinusitis, orbit blow-out fracture, migraine headaches, depression, and sleep apnea. He requested authorization for an MRI of the brain and a sleep study.

Ronald J. Fadel, M.D., performed a utilization review to determine whether Dr. Wood's request for an MRI and sleep study was related to the compensable injury. He was also asked to determine whether the diagnoses of unspecified migraine, depression, and sleep disturbance should be added to the claim. Dr. Fadel concluded the migraine and depression diagnoses should be added but recommended denying the addition of sleep disturbance to the claim. Dr. Fadel opined that there is no evidence to support the idea that victims of facial trauma can develop sleep apnea as a residual effect of trauma. On June 10, 2014, the claims administrator denied the request to add unspecified sleep disturbance as a compensable component of the claim based on Dr. Fadel's review.

The Office of Judges affirmed the claims administrator's Order on August 21, 2015. The Office of Judges found that Mr. Ewing failed to show by a preponderance of the evidence that his sleep disturbance is causally related to the compensable injury. Mr. Ewing was not diagnosed with a sleep disorder until April 25, 2014, nearly two and a half years after the compensable injury. The Office of Judges opined that from a purely temporal standpoint, the record does not support a causal relationship between the diagnosis and the compensable injury. Further, Dr. Watson based his diagnosis on Mr. Ewing's subjective complaints and Mrs. Ewing's opinion that her husband suffered from sleep apnea. Dr. Wood's request for authorization is largely based on Dr. Watson's diagnosis. However, Mr. Ewing's subjective complaints and Mrs. Ewing's opinion are not sufficient to establish a medical diagnosis of sleep disturbance in the claim. The Office of Judges noted that even if Mr. Ewing does suffer from a sleep disorder, there is no medical

2

evidence of record linking that diagnosis to the compensable injury. Dr. Fadel was the only doctor to directly comment on a causal connection and he opined that there was no relationship between the sleep disturbance and the compensable injury. Accordingly, the Office of Judges denied the addition of sleep disturbance to the claim. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 23, 2016.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Ewing was not diagnosed with sleep disturbance until nearly two and a half years after the compensable injury. There is no medical evidence of record that establishes a causal connection between the sleep disturbance and the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker